UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIGITTE REYNOLDS,

    *Plaintiff*,

        *v.*

ANTHONY STEWART,
ERICA REEVES,
KARI OSTERHOUT,
S. HOLLIWELL, and
TACKETT,

    *Defendants*.
_____/

CASE NO. 17-cv-10257
DISTRICT JUDGE ARTHUR J. TARNOW
MAGISTRATE JUDGE PATRICIA T. MORRIS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS (Doc. 13)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss, (Doc. 13), be **GRANTED**, and that this case be **DISMISSED**.

**II.    REPORT**

    **A.    Introduction**

Plaintiff Brigitte Reynolds ("Plaintiff") is a prisoner incarcerated at Women's Huron Valley Correctional Facility ("WHVCF"), and filed this lawsuit, under 42 U.S.C. § 1983, on January 25, 2017 against Defendants Anthony Stewart ("Stewart"), Erica Reeves ("Reeves"), Kari Osterhout ("Osterhout"), S. Holliwell ("Holliwell"), and Tackett ("Tackett"). (Doc. 1). She avers a violation of her First Amendment right of access to the

courts because she was denied the ability to access a compact disc containing "transcripts of a hearing she had" in "the 26th Judicial Court in Alpena, Michigan" for "the return of her personal property." (Doc. 1 at ID 4). "Plaintiff needed transcripts to request a reconsideration and appeal the court's decision," and she had "21 days from June 3, 2016, to request a reconsideration from the court for the hearing and for the return of Plaintiff's personal property." (*Id.*). Tackett, a correctional officer, told her "she was not allowed to have the disc," as did Osterhout, Holliwell, and Stewart when she contacted them. (*Id.*). Other inmates "had been allowed" to "receive a viewing" of discs mailed them. (*Id.*). Following these rejections, Plaintiff "requested, but did not receive a hearing on" this rejection. (*Id.*).

On November 6, 2016, Plaintiff avers "a memo was posted in all housing units" stating that attorneys would be permitted to show inmates videos related to their cases on devices owned by the Michigan Department of Corrections ("MDOC"). (*Id.*). Because Plaintiff was representing herself in the state court proceeding, she was unable to utilize this policy. Ultimately, Defendants' actions "prevented her the possibility to prevail on a reconsideration and/or appeal of the 26th Circuit Court's decision and the possibility to recover her personal property from the county that prosecuted her on her criminal case." (*Id.*). "Additionally, the prison staff has not completed the grievance process within the Michigan Department of Corrections policy's mandated 120 days." (*Id.*).

Plaintiff filed a Response to the instant Motion, (Doc. 14), and I consider it "as part of the pleadings." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Flournoy v. Seiter*, 835 F.2d 878, at *1 (6th Cir. Dec. 7, 1987) (unpublished

table decision)). Relevantly, she elaborates somewhat on the state hearing, noting that "[t]he Alpena Court denied [the] return [of] property they seized from her apartment while she was confined in the county jail," and that she moved "for the return of her seized property that was not a part of her criminal convictions." (Doc. 14 at 5). She does not allege that the state's post-deprivation procedures are categorically inadequate.

### B. Motion To Dismiss Standard of Review

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint with regard to whether it states a claim upon which relief can be granted. When deciding a motion under this subsection, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007) (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must

be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

The Supreme Court has explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth . . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §

1357 (2d ed. 1990)). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Indus.–Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (finding that the consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new," did not convert the motion to dismiss into a motion for summary judgment).

Because Plaintiff proceeds *in forma pauperis*, her complaint remains subject to *sua sponte* dismissal "at any time" if this Court finds that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, federal courts hold an independent obligation to examine their own jurisdiction. *United States v. Hays*, 515 U.S. 737, 742 (1995). Rule 12(h)(3) of the Federal Rules of Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which she complains was committed by a person acting under the color of state law and (2) the conduct deprived her of a federal constitutional or statutory right. In addition, a plaintiff must allege that she suffered a specific injury as a result of the conduct of a particular defendant and she must allege an affirmative link between the

5

injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976).

### C.     Analysis and Conclusion

Plaintiff's complaint alleges, in general, that Defendants violated her First Amendment "legal right of access to the courts" because she was "prevented the possible reconsideration and appeal for the return of her personal property from the county that prosecuted her criminal case." (Doc. 1 at ID 5). She seeks "injunctive relief to allow prisoners to view CD's [sic] sent from the courts as needed, and a safe place to store the CD's [sic] so they do not get 'lost' and will be accessible for future viewing," as well as compensatory and punitive damages. (*Id.*). Defendants' Motion To Dismiss raises three prime arguments: (1) Defendants are entitled to Eleventh Amendment immunity; (2) Plaintiff's Complaint does not include allegations sufficient to generate a federal question, and thus this Court lacks subject matter jurisdiction; and (3) to the extent Plaintiffs' claims should survive, Defendants are entitled to qualified immunity. I address each argument in turn.

#### 1.     Eleventh Amendment Immunity

The Eleventh Amendment "places a jurisdictional limit on federal courts in civil rights cases against states and state employees," and as such it receives consideration at the forefront of my analysis. *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989). "[A]s when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984) (citing

*Cory v. White*, 457 U.S. 85, 91 (1982)). But an exception to this rule exists for suits "challenging the constitutionality of a state official's action . . . ." *Id.* at 102. In such cases, the Eleventh Amendment prohibits a federal court from "awarding damages against the state treasury even though the claim arises under the Constitution." *Id.* at 100. This rule would not necessarily bar certain non-monetary remedies against state officials acting in their official capacity. *Accord Pennhurst*, 465 U.S. at 120. It also presents no impediment to recovery against a state official in her *individual* capacity if no qualified immunity is found.

In the instant case, Plaintiff sues Defendants in both official and individual capacities. (Doc. 1 at ID 1). Her claims for monetary damages against Defendants in their official capacities are barred. *E.g.*, *Smith-El v. Steward*, 33 F. App'x 714, 716 (6th Cir. 2002). The Eleventh Amendment does not deprive this Court of jurisdiction, however, as to her claims for monetary damages against Defendants in their individual capacities, as well as to her claim for injunctive relief against Defendants.

### 2.     Right of Access to the Courts

In *Bounds v. Smith*, the Supreme Court held that the Constitution entitles prisoners to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts" via "adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. 817, 825, 828 (1977). This right was itself fundamental because it empowered prisoners in "original actions seeking new trials, release from confinement, or vindication of fundamental civil rights," which "are the first line of defense against constitutional violations." *Id.* at 827-28. Over time, the Supreme

7

Court explained that standing to bring a right-of-access claim requires a showing of "actual injury," which in turn stems from the nature of the underlying claim. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Justice Scalia, writing for the Court, elaborated on the sorts of claims whose blockage cause actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. *The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.* Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Id.* at 355 (emphasis added). In other words, an underlying claim can 'actually injure' only if it is a direct appeal, a habeas petition, or an "action[] under 42 U.S.C. § 1983 to vindicate 'basic constitutional rights,'" (*i.e.*, conditions of confinement). *Id.* at 354 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)). A frivolous underlying claim precludes a finding of actual injury. *See id.* at 353 n.3 ("Depriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions."); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) ("[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."); *Hadix v. Johnson*, 182 F.3d 400, 405-06 (6th Cir. 1999) ("By explicitly requiring that plaintiffs show actual prejudice to non-frivolous claims, *Lewis* did in fact change the 'actual injury' requirement as it had previously been applied in this circuit."). The Sixth Circuit has strictly construed the Supreme Court's language, and guarantees to prisoners nothing more than the constitutional minimum illustrated in

*Lewis*. *See Thaddeus-X v. Bladder*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc) (reflecting on the Supreme Court's language in *Lewis* and limiting the right of access to "direct appeals, habeas corpus applications, and civil rights claims only."); *see also Green v. Johnson*, No. 13-12305, 2014 WL 4054334, at *3 (E.D. Mich. Aug. 14, 2014) (discussing the Sixth Circuit's narrow construction of *Lewis*'s language, and adhering closely to it); *Mikko v. Davis*, 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004) (same).[1]

The elements of a viable access-to-courts claim in the Sixth Circuit are: (1) "a non-frivolous underlying claim"; (2) "obstructive actions by state actors"; (3) "'substantial[] prejudice' to the underlying claim that cannot be remedied by the state court"; and (4) "a request for relief which the plaintiff would have sought on the underlying claim and is now otherwise unattainable." *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013) (internal citations omitted). Because the underlying claim "is an element that must be described in the complaint," claimants should thus provide a description of the underlying claim sufficient to "give fair notice to a defendant" and "to apply the 'nonfrivolous' test" to its contents. *Christopher*, 536 U.S. at 415-16. And, as noted above, the right of access to the courts extends to "direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X*, at 391. If the plaintiff has been denied access to a meritorious personal injury case in state court, for example, he has no redress in federal court.

---

[1] Taken out of context, the standard articulated in *Thaddeus-X* ostensibly contemplates a broader right of access than that articulated in *Lewis*, particularly with respect to the phrase "civil rights claims." *Thaddeus-X*, 175 F.3d at 391. However, the Sixth Circuit frames its language as a *rephrasing* of the same "carefully-bounded right" described in *Lewis*, rather than an *expansion* of the constitutional minimum.

At the outset, I note that Plaintiff's Complaint undoubtedly presents a federal question. She alleges federal-question jurisdiction, (Doc. 1 at ID 1), which must flow from a "well-pleaded complaint." *See generally Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 9-10 (1983). Where the plaintiff asserts claims "aris[ing] under the [federal] law that creates the cause of action," her complaint very likely raises a sufficient federal question. *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916); *see Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("The 'vast majority' of cases that come within this grant of jurisdiction are covered by Justice Holmes' statement that a ''suit arises under the law that creates the cause of action.''" (quoting *Franchise Tax Bd.*, 463 U.S. at 9-10)). Where, as here, "both the court's subject matter jurisdiction and the substantive claim for relief are based on the same" federal law, "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Gunter*, 433 F.3d at 519 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)).

The pleadings at issue contend that Plaintiff required access to certain transcripts in order to mount an adequate challenge to an adverse state court ruling, that Defendants' denials of her requests for such transcripts effectively denied her the ability to challenge the state court's ruling, and that this conduct violated her fundamental right to access courts under the First Amendment. These averments are not so ludicrous as to deprive the

Court of subject-matter jurisdiction for failure to raise a federal question. *See, e.g.*, *Steel Co.*, 523 U.S. at 89 ("'[J]urisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover.' Rather, the district court has jurisdiction if 'the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another' . . . unless the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" (quoting *Bell v. Hood*, 327 U.S. 678, 682-83, 685 (1946))).

This does not mean, however, that she fulfills the independent constitutional requirement of standing. By her admission, the underlying claim is an appeal from a state court ruling as to her personal property, which was taken from her apartment before her conviction and placement in prison. Such a claim, if lost, does not actually injure a claimant for purposes of a First Amendment right-of-access claim, because it is not a direct appeal of her conviction, a habeas petition, or a §1983 suit challenging the conditions of her confinement. *Cf., e.g.*, *Smith v. Craven*, 61 F. App'x 159, 162 (6th Cir. 2003) ("A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. . . . The right of access does not extend to a prisoner's property claim filed in state court."); *Hikel v. King*, 659 F. Supp. 337, 340 (1987) ("Unless part of a systematic practice, the intentional deprivation of personal property is not actionable under 42 U.S.C. § 1983 if the State provides a meaningful post-deprivation remedy."). As

11

such, Plaintiff has not shown that her inability to appeal the state court judgment actually injured her, and thus the case is nonjusticiable and should be dismissed.

Out of an abundance of caution, I address Plaintiff's stray allegation that the "prison staff has not completed the grievance process within the Michigan Department of Corrections policy's mandated 120 days," (Doc. 1 at ID 4), and note that it also fails to state a claim upon which relief can be granted. Section 1983 does not provide redress for a violation of state law. *Pyles v Raiser*, 60 F.3d 1211, 1215 (6th Cir. 1995). An alleged failure to comply with a state prison administrative rule or policy does not assert a federal claim nor does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581, n.2 (6th Cir. 2007).

### 3. Qualified Immunity

In carrying out their duties, state employed correctional officers "enjoy the protections of qualified immunity . . . ." *McKnight v. Rees*, 88 F.3d 417, 419 (6th Cir. 1996). To surmount this line of defense, Plaintiffs must establish: (1) that the facts alleged show that Defendants' conduct violated his constitutional right, (2) that the right violated was clearly established, *Saucier v. Katz*, 533 U.S. 194, 201 (2001), and (3) that Defendants reasonably should have known that his conduct violated clearly established law. *Doe v. Sullivan Cty., Tenn.*, 956 F.2d 545, 554 (6th Cir. 1992). Because it provides "immunity from suit" rather than a mere defense to liability, courts "should resolve questions of qualified immunity in the earliest possible stage of litigation . . . ." *Derfiny v. Pontiac Osteopathic Hosp.*, 106 F. App'x 929, 934 (6th Cir. 2004). However, because I find Plaintiff's claim nonjusticiable, I decline to consider whether Defendants would be

entitled to qualified immunity. In any event, courts typically reserve consideration on the issue of qualified immunity until the close of discovery. *Accord Wesley v. Campbell*, 779 F.3d 421, 433 (6th Cir. 2015) ("[I]t is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity.").

For the reasons stated above, I recommend that Defendants' Motion To Dismiss, (Doc. 13), be **GRANTED**, and that this case be **DISMISSED**.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to

which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 30, 2017            S/ PATRICIA T. MORRIS
                               Patricia T. Morris
                               United States Magistrate Judge

## CERTIFICATION

     I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Brigitte Reynolds #671020 at Huron Valley Complex- Womens, 3201 Bemis Road, Ypsilanti, MI 48197.

Date: June 30, 2017            By s/Kristen Castaneda
                               Case Manager