UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIGITTE REYNOLDS,                          Case No. 17-10257

                    Plaintiff,

                                            SENIOR U.S. DISTRICT JUDGE
v.                                          ARTHUR J. TARNOW

ANTHONY STEWART, ET AL.,                    U.S. MAGISTRATE JUDGE
                                            PATRICIA T. MORRIS
                    Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION [16]; OVERRULING
PLAINTIFF'S OBJECTION [17]; GRANTING DEFENDANTS' MOTION TO DISMISS
[13]; AND DISMISSING CASE**

Plaintiff Brigitte Reynolds, a *pro se* prisoner, has brought claims against

Defendants, Michigan Department of Corrections officials Anthony Stewart, Erica

Reeves, Kari Osterhout, S. Holliwell, and Tackett. Plaintiff alleges violations of

her First Amendment rights pursuant to 42 U.S.C. § 1983. Specifically, she claims

a violation of her right of access to the courts.

Plaintiff sues Defendants in both their official and personal capacities. She

seeks a declaratory judgment, injunctive relief, $350,000.00 in punitive damages,

$350,000.00 in compensatory damages, and any appropriate attorney fees and

costs.

Defendants filed a Motion to Dismiss [Dkt. #13] on April 24, 2017. On June

30, 2017, the Magistrate Judge issued a Report and Recommendation (R&R) [16]

advising the Court to grant Defendants' Motion to Dismiss. Plaintiff filed her

Objection to the R&R [17] on July 28, 2017.

<h2 align="center">FACTUAL BACKGROUND</h2>

The Court adopts the facts as set forth in the R&R:

> Plaintiff Brigitte Reynolds ("Plaintiff") is a prisoner incarcerated at Women's Huron Valley Correctional Facility ("WHVCF"), and filed this lawsuit, under 42 U.S.C. § 1983, on January 25, 2017 against Defendants Anthony Stewart ("Stewart"), Erica Reeves ("Reeves"), Kari Osterhout ("Osterhout"), S. Holliwell ("Holliwell"), and Tackett ("Tackett"). (Doc. 1). She avers a violation of her First Amendment right of access to the courts because she was denied the ability to access a compact disc containing "transcripts of a hearing she had" in "the 26th Judicial Court in Alpena, Michigan" for "the return of her personal property." (Doc. 1 at ID 4). "Plaintiff needed transcripts to request a reconsideration and appeal the court's decision," and she had "21 days from June 3, 2016, to request a reconsideration from the court for the hearing and for the return of Plaintiff's personal property." (*Id.*). Tackett, a correctional officer, told her "she was not allowed to have the disc," as did Osterhout, Holliwell, and Stewart when she contacted them. (*Id.*). Other inmates "had been allowed" to "receive a viewing" of discs mailed them. (*Id.*). Following these rejections, Plaintiff "requested, but did not receive a hearing on" this rejection. (*Id.*).

> On November 6, 2016, Plaintiff avers "a memo was posted in all housing units" stating that attorneys would be permitted to show inmates videos related to their cases on devices owned by the Michigan Department of Corrections ("MDOC"). (*Id.*). Because Plaintiff was representing herself in the state court proceeding, she was unable to utilize this policy. Ultimately, Defendants' actions "prevented her the possibility to prevail on a reconsideration and/or appeal of the 26th Circuit Court's decision and the possibility to recover her personal property from the county that prosecuted her on her criminal case." (*Id.*). "Additionally, the prison staff has not completed the grievance process within the Michigan Department of Corrections policy's mandated 120 days." (*Id.*).

Plaintiff filed a Response to the instant Motion, (Doc. 14), and I consider it "as part of the pleadings." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Flournoy v. Seiter*, 835 F.2d 878, at *1 (6th Cir. Dec. 7, 1987) (unpublished table decision)). Relevantly, she elaborates somewhat on the state hearing, noting that "[t]he Alpena Court denied [the] return [of] property they seized from her apartment while she was confined in the county jail," and that she moved "for the return of her seized property that was not a part of her criminal convictions." (Doc. 14 at 5). She does not allege that the state's post-deprivation procedures are categorically inadequate.

(R&R 1-3).

## LEGAL STANDARD

The Court must make a *de novo* determination of the portions of the R&R to which Plaintiff has objected. 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

On a Rule 12(b)(6) motion to dismiss, the Court must "assume the veracity of [the plaintiff's] well-pleaded factual allegations and determine whether the plaintiff is entitled to legal relief as a matter of law." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)).

## ANALYSIS

The Magistrate Judge recommended that the Court grant Defendants' Motion to Dismiss. The Magistrate Judge held that Plaintiff's claims for monetary damages against Defendants in their official capacities are barred under the

Eleventh Amendment. The Magistrate Judge also found that Plaintiff has not shown an actual injury and therefore, her case is non-justiciable. (R&R at 12). The Magistrate Judge declined to consider the qualified immunity issue because of the non-justiciability of Plaintiff's claim.

In her Objection to the R&R [17], Plaintiff argues that Defendants violated her constitutional right when they denied her access to a compact disc containing legal transcripts from a hearing that took place in 26th Circuit Court in Alpena County. Plaintiff argues that an actual injury occurred "when the avenues to appeal and recover her seized [personal] property . . . was [sic] effectively blocked by MDOC Defendants'." (Obj. at 3). She further asserts that "defendants acting in their official capacities on behalf of states that have waived immunity are acting as the state and are not immune from suit." (Obj. at 3).

Most of the arguments set forth in Plaintiff's Objection are virtually identical to those asserted in her response to Defendants' Motion to Dismiss. However, "objections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition." *Nickelson v. Warden*, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012); *see also Senneff v. Colvin*, No. 15-13667, 2017 WL 710651, at *2 (E.D. Mich. Feb. 23, 2017). The Court will briefly address the merits of Plaintiff's case to ensure that the reasons for dismissal are clear.

1.  **Eleventh Amendment Immunity**

It is well established that "sovereign immunity bars a § 1983 suit for monetary damages against a prison official in his official capacity." *Smith-El v. Steward*, 33 Fed. Appx. 714, 716 (6th Cir. 2002). This is such a case: Plaintiff seeks $350,000.00 each in punitive and compensatory damages and sues Defendants in their official capacities. Accordingly, her claims are barred and her Objection overruled.

2.  **Access to the Courts**

Plaintiff lacks standing to bring a right-of-access claim because she has not alleged a justiciable injury. Plaintiff's "right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). U.S. Supreme Court precedent explains that inmates must have access to the tools needed "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). The Sixth Circuit has expressly foreclosed the exact claim Plaintiff attempts to bring: "[t]he right of access does not extend to a prisoner's property claim filed in state court." *Smith v. Craven*, 61 Fed. Appx. 159, 162 (6th Cir. 2003); *see also Hikel v. King*, 659 F. Supp. 337, 340 (E.D.N.Y. 1987) ("Unless part of a systemic practice, the intentional deprivation of personal property is not actionable under 42 U.S.C. §

1983 if the State provides a meaningful post-deprivation remedy."). Furthermore, "§ 1983 provides no redress even if the Plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate." *Lewellen v. Metropolitan Gov't of Nashville*, 34 F.3d 345, 347 (6th Cir. 1994), *cert denied*, 513 U.S. 1112 (1995). Therefore, Plaintiff's Objection is overruled.

CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Report and Recommendation [16] is **ADOPTED** and entered as the findings and conclusions of the Court. Plaintiff's Objection to the Report and Recommendation [17] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [13] is **GRANTED**. Plaintiff's case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.


s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: September 29, 2017                 Senior United States District Judge